# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

EDDIE LYNN

    Plaintiff,

v.                                Case No.: _____

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA, d/b/a
Veterans Affairs Medical Center – Memphis, a/k/a
VA Hospital - Memphis

    Defendants.

## COMPLAINT

### INTRODUCTION

COMES NOW, Plaintiff, Eddie Lynn, individually, pursuant to the Amendment to the Healthcare Liability Act particularly T.C.A. 29-26-101, *et seq.* effective October 1, 2008, in compliance with the Federal Tort Claims Act ("FTCA") sections 1346(b) and 2671-2680 title 28, United States Code and brings this Health Care Liability action for his individual claims. Plaintiff is bringing this action against the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital Memphis, for the violations of the medical standard of care that occurred in Shelby County, Tennessee beginning in March of 2015 and first discovered on August 18, 2015, consisting of acts and omissions of medical negligence by the medical personnel/staff providing medical care, treatment and services to Plaintiff, Eddie Lynn at the Memphis VA Medical Center located in Memphis, Shelby County, Tennessee.  These violations of the medical standard of care occurred in Memphis, Shelby County, Tennessee in March of 2015 and were first discovered on August 18, 2015, consisting of acts and

omissions constituting medical negligence that were the direct and proximate cause of the personal injuries, deterioration of health that Mr. Lynn has suffered. At the time of the alleged acts and omissions giving rise to this Health Care Liability action the care providers including those identified in this Complaint upon information and belief were employees, agents, servants and/or representatives of the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital - Memphis and provided medical care, treatment and services to said Defendants' patient, Plaintiff, Eddie Lynn.

## PARTIES, VENUE AND JURISDICTION

1. At all times pertinent to this matter Plaintiff, Eddie Lynn was a resident of the state of Tennessee, legal citizen of the United States of America and veteran of the United States Military. Mr. Lynn is a veteran citizen of the United States of America and as such was entitled to receive health care at the Memphis VA Medical Center.

2. All of the medical care, treatment, and services giving rise to this cause of action were provided to Eddie Lynn at the Memphis VA Medical Center and rendered by the medical personnel/staff of said Defendants as set out below and later identified or discovered in the medical files, charts and records of Eddie Lynn maintained by the Defendants' custodians, agents, servants, employees and representatives. Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

3. The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to its veterans/patients who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA Hospitals. This Defendant, United States of America d/b/a Veterans Affairs Medical Center – Memphis owned and operated the medical facility known as Memphis VA Medical Center located in Memphis, Shelby County, Tennessee and engaged in the business

of providing medical care, treatment and services to its veterans/patients including Plaintiff, Eddie Lynn by employing and contracting with physicians, residents, nurses, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff and administrative staff.  Therefore, any act or omission of medical negligence on the part of the care providers of Eddie Lynn, if they are found guilty, should be imputed to the named Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center under the legal theory/doctrine of *Respondeat Superior* based on the employee, servant, agent and/or representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center.  Defendants may be served with service of process as directed on the Summons issued in this Cause.

4. Plaintiff further alleges that an agency relationship existed between all of the care providers of Eddie Lynn at the Memphis VA Medical Center with the named Defendants in their duties and responsibilities as the care providers of the veterans/patients based on the employees, agents, servants and/or representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Eddie Lynn, if found guilty, should be imputed to the other care providers, included but not limited to the care providers identified in this Complaint, under the legal theory/doctrine of *Respondeat Superior*.

5. All medical care and treatment applicable to Plaintiff's cause of action against the named Defendants, their agents, servants, employees and/or representatives being the care providers of Eddie Lynn occurred at the Memphis VA Medical Center or outlying VA Clinics in Memphis, Shelby County, Tennessee and was provided by the treating medical personnel/staff, employees, agents, servants, and/or representatives of the United States of America and United States of America d/b/a Memphis VA Medical Center.

6. Plaintiff avers that the kind of personal injuries he has sustained would not have occurred but for the negligence on the part of the Defendants, their agents, servants, employees, representatives, medical personnel/staff, administrative staff and/or otherwise and that the instrumentality that caused the personal injuries of Eddie Lynn were in the exclusive control of the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, their agents, servants, employees, representatives, medical personnel/staff, administrative staff, including but not limited to those identified in this Complaint, therefore Plaintiff relies on the legal theory/doctrine of *Res Ipsa Loquitor*.

7. Venue and jurisdiction are proper before this Court based on the original and exclusive jurisdiction conferred by the FTCA. This is a FTCA claim arising from acts or omissions constituting medical negligence that occurred in Memphis, Shelby County, Tennessee. Additionally, this Complaint is filed pursuant to the FTCA, section 1346(b) *et seq*. Title 28, U.S.C. which provides that a tort claim that is administratively denied or that has failed to be denied within 6 months may be presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of the notice of final denial as shown by the date of this letter (section 2401(b), Title 28 U.S.C.). Plaintiff's claims were not denied by the Department of Veterans Affairs, Office of General Counsel in Washington D.C., as of this date. However, Plaintiff's claims were presented to the Department of Veterans Affairs, Office of General Counsel in Washington, D.C., and the Nashville regional office on June 30, 2017 and were received by July 3, 2017. Therefore, it has been longer than 6-months since Plaintiff presented his claims to the VA and Plaintiff, Eddie Lynn is electing to bring suit at this time.

8. Plaintiff alleges that this Court has jurisdiction of this Cause pursuant to the FTCA, Title 28, U.S.C. section 1346(b) *et seq*. and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq*.

9. Plaintiff, Eddie Lynn is exercising his right to file suit in accordance with the FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied by or has not been denied within 6 months of receipt may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial.

10. Plaintiff avers that he has complied with state law requirements for commencing a health care liability action by having fully complied with the Health Care Liability Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleading with the Court. Specifically, pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Christopher W. Lewis who mailed the notice letters. Additionally, pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is also filed contemporaneously with this Complaint.

11. Plaintiff will further show that the kind of injuries he has sustained were foreseeable and preventable and would not have occurred except for the acts and omissions constituting medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives in their individual and joint medical care and treatment of Eddie Lynn as set out herein.

12. This is a Complaint for Health Care Liability alleging medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives, being the care providers of Eddie Lynn at the Memphis VA Medical Center at Memphis, Shelby County, Tennessee resulting in the personal injuries, and the deterioration of health that would not have

otherwise occurred but for the negligence on the part of the care providers as set out more fully in this Complaint.

## FACTS

13. On or about March 9, 2015 Mr. Lynn underwent a carotid ultrasound which showed a significant stenosis of his right internal carotid artery, as noted by Sandra K. Jolly, RN, BSN, MHSA, of vascular surgery. Based on the findings of the ultrasound Nurse Jolly indicated that Mr. Lynn needed to have a CTA of the head and neck and an appointment with the vascular surgery clinic. The CTAs were performed on March 27, 2015 and showed a 2.0 cm long stenosis beginning at the origin of the right internal carotid artery and demonstrated a 65% stenosis which appeared to be caused by soft plaque. The appointment for the vascular surgery clinic was not until August 18, 2015.

14. Unfortunately, the vascular surgery appointment was after Mr. Lynn loss the vision in his right eye, as noted by the VA healthcare providers in their July 11, 2015 notes from his ER visit of that date. It is at this point, July 11, 2015 that the negligence of the VA healthcare providers caused injury to Mr. Lynn but he did not become aware that it was the negligence of the care providers that caused his injury until August 18, 2015 when it was noted that it was an embolus that caused the blindness in his right eye.

15. Additionally, Mr. Lynn's medical records indicate that he was seen by cardiology on April 30, 2015. Nicole J. Dunlap is the care provider noted to have seen Mr. Lynn on this date. The cardiology consult note indicates that Mr. Lynn had R CAS ICA 65% stenosis per CT arteriogram performed on March 27, 2015. It was also noted that Mr. Lynn had hollenhurst ocular plaque in his right eye. The note also indicates that Mr. Lynn's care was referred back to his PCP with a recommendation to discontinue Mr. Lynn's naproxen and add amlodipine and to initiate a statin medication.

16. The July 16, 2015 Optometry Note prepared by Sarah B. Marietta and Andrew John Rixon indicates that Mr. Lynn was recommend to be placed on statins in April but the prescription was never placed in the system.

17. On August 18, 2015, Mr. Lynn had an appointment with vascular surgery and it was at this time that Mr. Lynn was first informed that it was an embolus that caused his Right eye blindness that occurred on July 11, 2015.

## TORTS-MEDICAL NEGLIGENCE AND DEVIATIONS FROM THE STANDARD OF CARE

18. It is the claim of Mr. Lynn that the VAMC located in Memphis, Shelby County, Tennessee, by the acts and omissions of its treating physicians, medical personnel, staff, agents, representatives and/or employees to include, but not limited to the identified care providers in this Complaint and as otherwise may be determined or discovered from the medical records of Plaintiff, Eddie Lynn, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, breached the standard of care for the medical community of Memphis, Shelby County, Tennessee and as such directly and proximately caused the tortious injuries and damages of a past, present and permanent nature that Plaintiff, Eddie Lynn, would not have otherwise sustained except for the negligent deviations from the standard of care on the part of the treating physicians, medical personnel, staff and/or employees being any and all care providers of Mr. Lynn (e.g. physicians, nurses, radiologists, technicians and otherwise) at the VA Medical Center in Memphis in the following particulars:

    (a) Negligently failing to timely treat Mr. Lynn's right carotid artery stenosis;

    (b) Negligently treating Mr. Lynn's right carotid artery stenosis;

 (c) Negligently causing or contributing to Mr. Lynn's right eye vision loss;

 (d) Negligently failing to provide the recommend medication (Plavix);

 (e) Negligently failing to appreciate the significance of Mr. Lynn's carotid artery stenosis;

 (f) Negligently failing to timely and appropriately treat Mr. Lynn to prevent the vision loss of his right eye.

## INJURIES AND DAMAGES

19. As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Eddie Lynn at Memphis VA Medical Center and as otherwise may be determined or discovered from the medical records of Plaintiff, Eddie Lynn, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, Plaintiff, Mr. Lynn sustained the following injuries and damages for which he seeks recovery:

 (a) Unnecessary physical pain and suffering;

 (b) Unnecessary emotional pain and suffering sustained;

 (c) Past, present and future medical expenses that would not have been necessary but for the negligence;

 (d) Loss of use of Mr. Lynn's Right eye;

 (e) Loss of enjoyment and quality of life;

 (f) Unnecessary permanent impairment;

 (g) Depression.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Eddie Lynn, files this action for Health Care Liability against the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Eddie Lynn at the Memphis VA Medical Center as for compensatory damages for unnecessary pain and suffering, unnecessary emotional pain and suffering, and as otherwise noted above, in the amount of five hundred thousand ($500,000.00) dollars.

Respectfully submitted this 5th day of November 2018,

s/ Louis P. Chiozza, Jr.
Louis P. Chiozza, Jr., BPR# 8871
Christopher W. Lewis, BPR 031497
Attorneys for Plaintiffs
Law Office of Louis P. Chiozza, Jr. & Associates
230 Adams Avenue
Memphis, Tennessee 38103
Office: (901) 526-9494
Fax: (901) 526-9970
Emails: Lou@chiozzalaw.com
Chris@chiozzalaw.com